UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GILBERT LOMAS,

         Plaintiff,

    v.

SUNBELT RENTALS, INC.,

         Defendant.

Case No. 25-cv-08235-AMO

**ORDER IMPOSING SANCTIONS**

On January 16, 2026, the Court issued a Scheduling Order in the above-captioned case. Dkt. No. 14. The Scheduling Order set January 20, 2026 as the deadline for (1) plaintiff to file its Disclosure of Conflicts, Interested Entities and Persons, and Citizenship and (2) the parties to file their ADR certifications. *Id.* at 1. The Scheduling Order also states:

> The Court notes that the parties failed to take any action in response to the ADR Clerk's Notice issued January 2, 2026, which alerted the parties of their failure to file the ADR Certification required by ADR L.R. 3-5(b). Dkt. No. 11. Failure to act in compliance with this order will result in sanctions.

*Id.* at 1 n.1.

Plaintiff submitted neither of the filings due January 20, 2026. Defendant, however, filed its ADR certification, though on January 21, 2026 instead of January 20, 2026. Dk. No. 16. Given Plaintiff's continued non-compliance, on February 9, 2029, the Court ordered Plaintiff to show cause why he should not be sanctioned for failure to comply with the Court's Scheduling Order. Dkt. No. 18 ("OSC"). The Court set a deadline of noon on February 17, 2026 for Plaintiff's response, which was not to exceed 3 pages. *Id.* at 2.

On February 17, 2026, at 3:58 p.m., Plaintiff's counsel filed a one-page declaration in response to the OSC. Dkt. No. 19. In it, counsel explains that "[t]he failure to comply with the deadline resulted from [his] oversight. The deadline was not calendared properly. [He] simply

failed to complete and file the required documents by the deadline. The omission was inadvertent and not intentional." *Id.* ¶ 3. He "accept[s] full responsibility for the missed deadline and apologize[s] to the Court for the inconvenience caused[,]" and explains that "[s]teps have been taken within [his] practice to improve deadline tracking and prevent recurrence" *Id.* ¶ 5. He asks that the Court discharge the OSC and "decline to impose sanctions because the failure resulted from counsel's oversight and has now been corrected through concurrent filing." *Id.* ¶ 6.

While counsel represents that "[s]teps have been taken within [his] practice to improve deadline tracking and prevent recurrence[,]" it is apparent that no such steps were taken before counsel filed his response, which was filed after the noon deadline set by the Court. The declaration also ignores that multiple deadlines were missed: the initial deadline for the ADR certification, to which the parties were alerted by the Clerk's notice of non-compliance, the Scheduling Order setting a January 20, 2026 deadline for the overdue filings, and the noon February 17, 2026 deadline for Plaintiff's response to the OSC. Moreover, the declaration makes clear that the OSC prompted no urgency on the part of counsel, who did not file the overdue filings until February 17, 2026, nearly one month after the January 20, 2026 deadline set by the Court. This is unacceptable.

Counsel is **PERSONALLY SANCTIONED** in the amount of $250 for his repeated oversights and seeming failure to address them. It is counsel's responsibility to comply with the requirements of this Court. Counsel shall make payment to the Clerk of Court by no later than March 13, 2026. The parties are on notice that continued failure to meet Court deadlines or comply with applicable Civil Local Rules, General Orders, and Standing Orders will result in steeper sanctions.

**IT IS SO ORDERED.**

Dated: February 24, 2026

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**

*United States District Court*
*Northern District of California*

2